UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN E. TAYLOR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 1:20-cv-02899-JPH-DML |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**

John Taylor, an inmate at the Indiana Department of Correction, has filed a petition for a writ of habeas corpus challenging his prison disciplinary conviction under ISR 20-04-0227. Because he did not exhaust his available administrative remedies before seeking habeas review, the petition is **DISMISSED WITHOUT PREJUDICE**.

**I.
LEGAL STANDARD**

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II.
## BACKGROUND

This case involves a riot at Pendleton Correctional Facility. Inmates believed that prison officials were placing an inmate who was positive for COVID-19 in their open-air dormitory. Dkts. 11-5, 11-7, 11-8, 11-9, 20. The inmates physically resisted this placement. *Id.*; dkt. 11-1. Prison officials deployed chemical spray, several people were injured, and the facility incurred over $1,000 in property damage. Dkt. 11-1, 11-6, 11-11. Mr. Taylor was one of the inmates involved in the riot. Dkt. 11-1, 11-9. He was convicted of rioting in violation of IDOC Adult Disciplinary Code A-105. Dkt. 11-5. He lost 180 days of earned credit time and was demoted in credit-earning class. *Id.*

Mr. Taylor appealed his rioting conviction to the Facility Head. Dkt. 11-13. He conceded that he took part in the riot but argued that his actions were necessary to protect his life and the lives of his fellow inmates. *Id.* This appeal was denied, and Mr. Taylor was informed that he could submit a second appeal to the IDOC Final Reviewing Authority. Dkt. 11-14. He did not submit a second appeal. Dkt. 11-15.

## III.
## DISCUSSION

Mr. Taylor lists "due process," "cruel and unusual punishment," and "retaliation" as his three grounds for relief, though he does not flesh out these claims or explain why he is entitled to relief in his petition. *See* dkt. 2, pp. 6-7. Instead, he summarily references several administrative documents, which he has submitted as an exhibit. *Id.* (referencing documents in dkt. 2-1). Some of those documents state the same defense he raised in his facility appeal about the necessity of protecting himself and others from an inmate who was positive for COVID-19. *See* dkt. 2-1, pp. 1, 13, 16-18.

The problem for Mr. Taylor is that he did not submit a department appeal after his facility appeal was denied. *See* dkts. 11-14, 11-15. Generally, Indiana prisoners challenging their disciplinary convictions may only raise issues in a petition for a writ of habeas corpus that were previously raised in a timely appeal to the Facility Head and then to the IDOC Final Reviewing authority. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

Mr. Taylor has not presented any evidence or argument excusing his failure to exhaust his available administrative remedies before filing a habeas petition in federal court. Accordingly, his habeas petition is **DISMISSED WITHOUT PREJUDICE**.

Final judgment in accordance with this order shall now issue.

**SO ORDERED.**

Date: 8/10/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOHN E. TAYLOR
249221
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY

Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov

Abigail T. Rom
INDIANA ATTORNEY GENERAL
abby.rom@atg.in.gov